UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:98-CR-121 |
| V. | ) | (JARVIS/SHIRLEY) |
| | ) | |
| MYRON M. ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter came before the undersigned on December 29, 2006 for a hearing on the defendant's Motion To Revoke Order Of Detention Or To Reconsider [Doc. 60], filed on December 21, 2006. Assistant United States Attorney Steven H. Cook was present representing the government. Attorney Jonathan Moffatt was present representing the defendant Myron M. Roberts. The defendant, Myron M. Roberts was also present.

The defendant's Motion [Doc. 60] asks the Court to reconsider the Order of Detention [Doc. 63] entered by Magistrate Judge C. Clifford Shirley, Jr. following the detention hearing conducted by Judge Shirley on December 19, 2006. For grounds in support of the request to reopen the detention hearing, the defendant argued at the hearing, and in his motion, that the following information was either "not available" or was "incomplete" at the December 19, 2006 detention hearing: (1) the resolution of the defendant's state charges (specifically, that Roberts' state sentence was reduced in October, 2006 from five years of incarceration to one year of incarceration and four years of probation); (2) Roberts was on Federal Supervised Release following his state charges; and (3) Roberts "has been rehabilitated" since his state arrest in December 2005 on two

drug felony charges (to which he entered a guilty plea in April 2006). In support of this third argument, defendant proffered letters from a pastor (dated December 21, 2006), the defendant's mother (dated December 27, 2006), a state correctional counselor (dated August 9, 2006), a graphic arts instructor (dated September 27, 2006), an employer (dated June 26, 2006), and the grandparents of the defendant's children (dated June 28, 2006).

Defendant's counsel also argues that since the December 19, 2006 detention hearing, counsel has learned that the defendant: made child support payments, worked outside the prison during his state incarceration, was religious and had a pastor, and that he had entered a program to better himself.

The government argues that none of the defendant's proffer constitutes information not known to the defendant at the time of the December 19, 2006 detention hearing. Alternatively, the government argues that the defendant's information is either irrelevant or does not add up to the "clear and convincing evidence" mandated by the applicable law, 18 U.S.C. § 3143(a).

Title 18, Section 3142(f) of the U.S. Code expressly authorizes reopening the detention hearing when material information "that was not known to the movant at the time of the hearing" comes to light. However, courts have interpreted this provision strictly, holding that detention hearings should not be reopened if the evidence was available at the time of the hearing. United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (Information in letters and affidavits which the defendant sought to present at reopened hearing was available to him at the time of initial hearing); and see United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (Decision not to reopen detention hearing affirmed, because testimony of defendant's family and friends is not new evidence).

2

In the present case, the Court finds that 18 U.S.C. § 3142(f) controls. The Court further finds that the information which the defendant proffers as the basis for reopening the detention hearing is not material information "that was not known to the movant at the time of the hearing." Accordingly, the December 19, 2006 detention hearing will not be reopened, and the Order of Detention [Doc. 63] will not be disturbed, and the defendant's Motion To Revoke Order Of Detention Or To Reconsider [Doc. 60] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge